Kevin M. Zietz, Esq. (SBN 186244)
E-mail: kevin@zietzlaw.com
LAW OFFICES OF KEVIN M. ZIETZ, PC
16055 Ventura Boulevard, Suite 432
Encino, California 91436
Tel: (818) 981-9200
Fax: (818) 981-9201

Attorneys for Plaintiff,
DENNIS ZUBER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ZUBER,<br><br>        Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY; AZUSA PACIFIC UNIVERSITY LONG TERM DISABILTY PLAN; and DOES 1 to 10, Inclusive,<br><br>        Defendants. | Case No. :<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>[29 U.S.C. §1132(a)(1)] |

Plaintiff, DENNIS ZUBER (hereinafter referred to as "Plaintiff"), complains of Defendants RELIANCE STANDARD LIFE INSURANCE COMPANY (hereinafter referred to as "RELIANCE"), and AZUSA PACIFIC UNIVERSITY LONG TERM DISABILTY PLAN (hereinafter referred to as the "PLAN"), as follows:

## JURISDICTION AND VENUE

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101. et. seq. (hereafter ERISA) as it

1. involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about August 14, 2014, at which time she was informed that RELIANCE was upholding the decision to terminate his LTD benefits beyond January 3, 2014, and that he has the right to bring a civil action under section 502(a) of ERISA.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the PLAN is an employee welfare benefit plan established and maintained by Plaintiff's employer, Azusa Pacific University, to provide its employees with group long-term disability insurance, to pay a portion of a covered employee's income during a period of disability.

6. The PLAN can be sued as an entity pursuant to 29 U.S.C. §1132(d)(1).

7. Plaintiff is an individual citizen and resident of the State of California, County of Ventura, residing within the Central District of the State of California.

8. On information and belief, RELIANCE issued a policy that insures the PLAN and is contractually obligated to pay benefits for claims covered and approved through the PLAN.

## FACTUAL BACKGROUND

9. At all times relevant hereto, Plaintiff, currently age 58, was employed as a Regional Center Director for Azusa Pacific University, and was and is a

- 2 -
COMPLAINT FOR DAMAGES UNDER ERISA

participant and beneficiary of the PLAN.

10. Plaintiff stopped working due to disability on October 5, 2011 due to symptoms related to major depressive disorder, generalized anxiety disorder, chronic fatigue syndrome, and fibromyalgia, migraine headaches, chronic insomnia, and back pain.

11. Following a 90-day elimination period, RELIANCE paid Plaintiff LTD Benefits from January 3, 3012 and January 3, 2014.

12. On January 2, 2014, RELIANCE notified Plaintiff that LTD benefits would be terminated because it was believed that his disability beyond January 3, 2014 was caused by or contributed to by a Mental or Nervous Disorder, which would limit the payment of LTD benefits to 24 months.

13. In or about October 2013, Plaintiff was evaluated by a neurologist due to weakness of gait, incoordination in the hands, and painful parasthesias. It was noted that Plaintiff has fibromyalgia and chronic fatigue syndrome with complaints of progressive bilateral upper and lower extremity painful parasthesias along with prominent activity dependent fatigue.

14. On March 21, 2014, Plaintiff submitted a written appeal that provided information indicating that his disability was being caused by fibromyalgia.

15. Plaintiff's rheumatologist provided a letter in support of disability indicating that Plaintiff has muscle pain in all four quadrants of his body since 2010, and that he has tenderness and pain in 11 of 18 specific fibromyalgia render points. The symptoms caused Plaintiff to experience fatigue and decrease energy, insomnia, stiffness, abdominal pain, bloating, nausea, constipation, tension or migraine headaches, jaw and facial tenderness, sensitivity to bright lights, and random numbness and tingling throughout the body.

16. Plaintiff also provided a letter from a neurologist at UCLA who opined that his fibromyalgia is not caused by depression.

COMPLAINT FOR DAMAGES UNDER ERISA

17. On May 15, 2014, Plaintiff was examined by a doctor board certified in physical medicine and rehabilitation who was hired by RELIANCE. The examining doctor opined that Plaintiff's physical complaints and his impairments are the result of psychiatric processes.

18. The examining doctor hired by RELIANCE indicated that Plaintiff has some possible erosive changes in his hands that could indicate stiffness, and noted on examination that he experiences difficulty walking and has a slightly unsteady gait.

19. The examining doctor hired by RELIANCE opined that Plaintiff has sedentary work capacity.

20. On June 4, 2014, RELIANCE had a Residual Employability Analysis completed using their examining doctor's sedentary work restrictions, and several occupations were identified within those restrictions and limitations.

21. On August 14, 2014, RELIANCE upheld the denial of LTD benefits based upon the opinions of the doctor hired to examine Plaintiff, and the employability analysis.

22. Plaintiff was not given an opportunity to respond to the findings of RELIANCE'S examining doctor, or the findings contained in their employability analysis.

## COUNT ONE

### For Damages and Benefits Against Defendants RELIANCE STANDARD LIFE INSURANCE COMPANY and AZUSA PACIFIC UNIVERSITY LONG TERM DISABILTY PLAN
### (Pursuant to 29 U.S.C. Section 1132(a)(1))

23. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 22 as if fully set forth herein.

24. The LTD Policy issued by RELIANCE has an effective date of August 1, 1984. The Policy was amended in March 2004, and as of January 1, 2005, the

COMPLAINT FOR DAMAGES UNDER ERISA

anniversary date upon which the policy renews is January 1st of each year thereafter.

25. The Policy does not have an express grant of discretionary authority, however, in the event that an effective grant of discretionary language does exist, *California Insurance Code* § 10110.6 will render the express grant of discretionary authority null and void and the Court will apply a de novo standard of review. Either way, the standard of review will be de novo.

26. Plaintiff's claim is for non-vested employee welfare benefits, so the controlling plan is the one that existed at the time her ERISA cause of action accrued (which is when LTD benefits were finally denied on August 14, 2014).

27. The weight of the medical and vocational evidence in the administrative record supports a determination that Plaintiff cannot perform the material duties of any occupation due to his physical disabilities.

28. In the event that the court does apply an abuse of discretion standard, Plaintiff alleges that RELIANCE has a conflict of interest because it is the claims administrator and the funding source of claims paid pursuant to the LTD policy that insures the PLAN.

29. In the event that the court does apply an abuse of discretion standard, RELIANCE'S claims decision was illogical, implausible, and/or without support in inferences that may be drawn fro the facts in the record.

30. As a direct and proximate result of RELIANCE'S wrongful denial of LTD benefits, Plaintiff contends that RELIANCE has breached the contract by not paying benefits, payable at the rate of $4,806.49 per month, minus appropriate offsets, from January 3, 2014 to the present and continuing.

31. As a further direct and proximate result of the denial of benefits, and due to RELIANCE'S failure to pay benefits, Plaintiff had to engage the services of attorneys to assist him in recovering benefits due him under the terms of the PLAN. Accordingly, Plaintiff will be entitled to reasonable attorney's fees in an amount

1. according to proof pursuant to 29 U.S.C. Section 1132(g)(l).

WHEREFORE, plaintiff demands judgment against Defendants, and each of them, as follows:

## Count One

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $4,806.49 per month from January 3, 2014 to the present and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For an order remanding that Plaintiff be put back on claim with the claim administrator and that monthly LTD benefits continue so long as the medical evidence supports disabilty.

5. For any further relief that the court deems reasonable and just.

DATED: December 10, 2014

Respectfully submitted,

LAW OFFICES OF KEVIN ZIETZ

By: _____
Kevin M. Zietz
Attorney for Plaintiff
DENNIS ZUBER

- 6 -

COMPLAINT FOR DAMAGES UNDER ERISA